JEFFREY D. CAWDREY (SBN: 120488)
KIMBERLY D. HOWATT (SBN: 196921)
GORDON & REES LLP
101 W. Broadway, Suite 2000
San Diego, CA 92101
Telephone: (619) 696-6700
Facsimile: (619) 696-7124
jcawdrey@gordonrees.com
khowatt@gordonrees.com

Attorneys for Plaintiffs PERFORMANCE ADVANTAGE GROUP, INC., a Nevada corporation; REAL ESTATE TRAINING INTERNATIONAL, LLC, a Delaware limited liability company; ARMANDO MONTELONGO COMPANIES, INC., a Delaware corporation; and ARMANDO MONTELONGO, JR., an individual

**FILED**
11 AUG -5 AM 10: 59
CLERK U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY _____ DEPUTY

'11 CV 1747 BEN NLS

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PERFORMANCE ADVANTAGE GROUP, INC., a Nevada corporation; REAL ESTATE TRAINING INTERNATIONAL, LLC, a Delaware limited liability company; ARMANDO MONTELONGO COMPANIES, INC., a Delaware corporation; and ARMANDO MONTELONGO, JR., an individual;<br><br>Plaintiffs,<br><br>vs.<br><br>PETER G. PEREZ, an individual; and LINDA D. PEREZ, an individual,<br><br>Defendants. | CASE NO. [Unassigned]<br><br>**PLAINTIFFS' COMPLAINT FOR:**<br><br>1. BREACH OF CONTRACT (DAMAGES AND/OR SPECIFIC PERFORMANCE);<br>2. BREACH OF THE COVENANT OF GOOD FAITH AND FAIR DEALING;<br>3. UNJUST ENRICHMENT;<br>4. DECLARATORY RELIEF<br><br>**DEMAND FOR JURY TRIAL**<br><br>[CONFIDENTIAL – FILED CONDITIONALLY UNDER SEAL] |

COMES NOW plaintiffs PERFORMANCE ADVANTAGE GROUP, INC., a Nevada corporation; REAL ESTATE TRAINING INTERNATIONAL, LLC, a Delaware limited liability company; ARMANDO MONTELONGO COMPANIES, INC., a Delaware corporation; and ARMANDO MONTELONGO, JR., an individual (collectively "MONTELONGO" or "Plaintiffs") and hereby alleges and asserts as against defendants PETER G. PEREZ, an individual; and LINDA D. PEREZ, an individual (collectively "Defendants") as follows:

-1-
PLAINTIFFS' COMPLAINT; DEMAND FOR JURY TRIAL

## THE PARTIES AND JURISDICTION

1. Plaintiff PERFORMANCE ADVANTAGE GROUP, INC. (individually "PAG") is and at all relevant times was a Nevada corporation authorized to do business in the State of California and in this District.

2. Plaintiff REAL ESTATE TRAINING INTERNATIONAL, LLC (individually "RETI") is and at all relevant times was a Delaware limited liability company authorized to do business in the State of California and in this District. RETI is, at times and at times relevant in the present matter, an agent of PAG.

3. Plaintiff ARMANDO MONTELONGO COMPANIES, Inc. (individually "AMC") is and at all relevant times was a Delaware corporation authorized to do business in the State of California and in this District. AMC is the owner and shareholder of PAG and RETI.

4. Plaintiff ARMANDO MONTELONGO, JR. (individually "Armando Montelongo") is an individual and resident of the State of Texas.

5. Defendant PETER G. PEREZ (individually, "Mr. Perez") is an individual. Plaintiffs are informed and believe and based thereon allege that Mr. Perez is a resident of the State of New York.

6. Defendant LINDA D. PEREZ (individually, "Mrs. Perez") is an individual. Plaintiffs are informed and believe and based thereon allege that Mrs. Perez is a resident of the State of New York.

7. Upon information and belief, at all times herein mentioned, each of the Defendants was the agent of each of the other Defendants, and, in doing the things herein alleged, was acting within the course and scope of such agency, and with the permission and the consent of its Co-Defendants.

8. Jurisdiction in this court is proper pursuant to 28 U.S.C. § 1332 because the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and the subject dispute is between citizens of different states.

9. Venue is proper in this judicial district. Plaintiffs PAG, RETI, and AMC have conducted business in this judicial district and Plaintiffs and Defendants have entered a

contractual agreement that requires that the venue for any disputes relative to same be litigated in the State of California and in this District; thus Defendants expected or reasonably should have expected their acts to have consequence in the State of California and within this judicial district, therefore subjecting Defendants to the jurisdiction of this Court.

## GENERAL ALLEGATIONS

10. PAG, RETI, and AMC are a part of the family of companies run by celebrity real estate investor Armando Montelongo, which offers a wide variety of real estate investment education seminars, publications, packages, and tools, including education on "flipping" houses, for purchase by the general public nationwide.

11. Plaintiffs' offerings include, among others, a "Master Mentor Program," which includes the provision of a individual mentor to guide and assist the purchaser in his or her real estate investment and "flipping" efforts; a "3-Day Seminar," which includes three days of informational presentations on various topics relevant to real estate investing and "flipping"; and, a "Bus Tour Package," which involves an energetic, informational, and practical multiple-day bus tour and presentation focused on real estate investment opportunities, strategies, and encouragement.

12. Plaintiffs have also published various books, blogs, and informational programs, likewise aimed at teaching people about real estate investment and "flipping" and conveying anecdotes from Mr. Montelongo's own experiences in investing in real estate and his rags-to-riches background. Plaintiffs also offer a free 1-day seminar to provide an initial level of education and to introduce people to their other education opportunities.

13. Unlike some businesses in today's market, Plaintiffs stand firmly by the quality and value of the goods and services that they offer, and genuinely *want* their clients to succeed. Indeed, many, many of Plaintiffs' clients have applied themselves and put in the effort required in real estate investment, and have been, and continue to be, immensely successful.

14. Both Defendants claim to have experience as real estate agents, as well experience in owning and rehabilitating properties, owning rental properties, and property management.

15. In or about September 2010, Defendants attended one of Plaintiffs' free seminars in Albany, New York. At such seminar, they decided to purchase, and did purchase, tuition for the 3-Day Seminar. At the 3-Day Seminar, Defendants decided and proceeded to purchase Plaintiffs' Bus Tour Package. In December 2010, after being exposed to what Defendants referred to as "a wealth of business and tax strategies" in Plaintiffs' seminars, Defendants elected to purchase from Plaintiffs a Master Mentor Program.

16. Defendants projected an assertive and confident plan for investing in and "flipping" houses, projecting that they would start by flipping houses at a rate of 1 per month, then 1 every three weeks by the end of the year. In their second year of this plan, they would flip 1 house every two weeks, and by the third year, they would be flipping 2 houses per week

17. At one point, Defendants offered to sell their testimonials to Plaintiffs for $5,000 each – an offer that Plaintiffs neither solicited nor accepted.

18. In or about March 2011, Defendants suddenly and inexplicably encountered "buyers' remorse" relative to the Master Mentor Program, only, and decided they wanted their money back for this individual purchase. While they failed to comply with the contractual terms for a reimbursement, these circumstances led to the contract attached hereto as Exhibit A (the "Agreement"). Defendants specifically maintained, however, their Bus Tour Package.

19. In or about June 2011, Defendants evidently decided that they could usurp the benefits of the valuable education obtained from Plaintiffs thus far, while demanding the return of the purchase price through, in essence, extortion.

20. To this end, Defendants contacted Plaintiffs and threatened to publically disseminate, issue, transmit, publish, and/or disclose a series of defamatory, disparaging, negative documents, correspondence, and/or writings about Plaintiffs and their products and services in the public forum, including but not limited to the Internet, television, and consumer entities. Indeed, Defendants not only threatened such conduct, but indicated that their conduct to this regard was imminent if they were not paid a sum certain.

21. Such conduct, aside from its blatant wrongfulness, if not illegality, is expressly precluded by Paragraph 5 of the Agreement.

# FIRST CLAIM FOR RELIEF
### Breach of Contract
### (As Against All Defendants)

22. Plaintiffs refer to and incorporate herein by this reference each and every allegation in the foregoing paragraphs, as well as those that follow, as though fully set forth herein.

23. A bilateral contract exists between PAG and Defendants, and for the express intentional benefit of RETI, AMC, and Armando Montelongo. In or about March 2011, plaintiff PAG and Defendants entered into the written Agreement, the substantive terms of which are attached hereto as Exhibit A. Plaintiffs RETI, AMC, and Armando Montelongo are express intended beneficiaries of the Agreement, as reflected in Paragraphs 3 and 5 thereof.

24. Plaintiffs have performed and/or substantially performed each and every one of the conditions required of them under the Agreement. To the extent any conditions have not been performed, such performance has been excused.

25. Defendants have expressly repudiated their promises in the Agreement, particularly that set forth in Paragraph 5 of the Agreement prior to such performance is due. As described above, Defendants have stated to Plaintiffs that they intend to breach the Agreement, and specifically, Paragraph 5 thereof. Plaintiffs have asserted to Defendants the authority of the Agreement, which Defendants have disregarded and continue to state their repudiation of the Agreement.

26. In addition, Defendants have admitted that they failed to destroy a certain "complaint" document they had prepared, in accord with Paragraph 5 of the Agreement, and thus are in actual breach of the Agreement.

27. As a result of Defendants' breach and/or anticipated breach of contract, Plaintiffs have sustained significant damages, including but not limited to the consideration in the Agreement and expenses, damages to goodwill and business reputation, and other losses relative thereto, in a total amount to be established according to proof at the time of trial, but in excess of $75,000.00, exclusive of interest and costs.

28. As a result of Defendants' conduct, Plaintiffs seek Defendants' specific performance under and in accord with the terms of the Agreement, or in the alternative, the Agreement is hereby terminated and rescinded, warranting Defendants' return of consideration to Plaintiffs.

29. In addition, because Plaintiffs have suffered and will continue to suffer irreparable harm as a result of Defendants' actions unless such are restrained and enjoined by this Court, and because Plaintiffs have no adequate remedy at law with respect to this injury, Plaintiffs are entitled to injunctive relief.

### SECOND CLAIM FOR RELIEF
### Breach of the Covenant of Good Faith and Fair Dealing
### (As Against All Defendants)

30. Plaintiffs refer to and incorporate herein by this reference each and every allegation in the foregoing paragraphs, as well as those that follow, as though fully set forth herein.

31. In every contract, including the Agreement, there is an implied promise of good faith and fair dealing, i.e., that each party will not do anything to unfairly interfere with the right of any other party to receive the benefits of the contract.

32. Defendants have unfairly interfered with Plaintiffs' right to receive benefits under the Agreement by, but not limited to, the conduct set forth above. Plaintiffs have been harmed by Defendants' conduct, in this regard.

33. As a result of Defendants' conduct, Plaintiffs have sustained significant damages, in an amount to be established according to proof at the time of trial, and in the excess of the jurisdictional minimum of this Court.

### THIRD CLAIM FOR RELIEF
### Unjust Enrichment
### (As Against All Defendants)

34. Plaintiffs refer to and incorporate herein by this reference each and every allegation in the foregoing paragraphs, as well as those that follow, as though fully set forth herein.

35. As a direct and proximate result of the actions and conduct of Defendants, as described herein, Defendants have been, and will continue to be, unjustly enriched at the expense and to the detriment of Plaintiffs.

36. So as not to be unjustly enriched by and through their own wrongful actions and conduct, as described herein, Defendants should be divested of all monies, products, and materials produced by and/or that they received from Plaintiffs under the Agreement and otherwise, and such should be immediately relinquished to Plaintiffs.

37. As a result of Defendants' conduct, Plaintiffs have sustained significant damages, in an amount to be established according to proof at the time of trial, and in the excess of the jurisdictional minimum of this Court..

### FOURTH CLAIM FOR RELIEF
#### Declaratory Relief
#### (As Against All Defendants)

38. Plaintiffs refer to and incorporate herein by this reference each and every allegation in the foregoing paragraphs, as well as those that follow, as though fully set forth herein.

39. An actual controversy has arisen and now exists between Plaintiffs and Defendants relating to their respective rights, obligations, and interests relative to the Agreement.

40. Plaintiffs contend that Defendants have voluntarily and contractually waived the right to publically disseminate, issue, transmit, publish, and/or disclose a series of defamatory, disparaging, negative documents, correspondence, and/or writings about Plaintiffs and their products and services in the public forum.

41. Defendants, nonetheless, and even above Plaintiffs' reference and direction of Defendants to the Agreement, continue to threaten to publically disseminate, issue, transmit, publish, and/or disclose a series of defamatory, disparaging, negative documents, correspondence, and/or writings about Plaintiffs and their products and services in the public forum, including but not limited to the Internet, television, and consumer entities.

42. Plaintiffs desire a judicial determination of its rights, obligations, and interests to this regard, and a declaration that its contentions, as hereinabove set forth, are correct. Such a judicial declaration is necessary and proper to avoid a multiplicity of suits.

43. Plaintiffs further seek a preliminary and permanent injunction to preclude Defendants from breaching the Agreement, and in particular, from publically disseminating, issuing, transmitting, publishing, and/or disclosing any defamatory, disparaging, negative documents, correspondence, and/or writings about Plaintiffs and/or their products and services in the public forum, including but not limited to the Internet, television, and consumer entities.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs request that this Court enter judgment in its favor, and against Defendants, as follows:

1. An order requiring Defendants to specifically perform under and in accord with the terms of the Agreement;

2. A preliminary and permanent injunction against Defendants, precluding them from breaching the Agreement, and in particular, from publically disseminating, issuing, transmitting, publishing, and/or disclosing any defamatory, disparaging, negative documents, correspondence, and/or writings about Plaintiffs and/or their products and services in the public forum, including but not limited to the Internet, television, and consumer entities;

3. A declaration as to the parties' respective rights and duties under the Agreement;

4. Rescission of the Agreement and Defendants' return to Plaintiffs of the consideration paid thereunder and other materials, good, or products received therefrom;

5. An award to Plaintiffs of their actual damages according to proof at the time of trial, plus pre- and post-judgment interest thereon at the legal rate;

6. An award to Plaintiffs of their costs, expenses, and attorneys' fees in this action pursuant to all applicable laws and the Agreement; and,

7. Such other and further relief as the Court deems proper.

## DEMAND FOR JURY TRIAL

In accordance with Fed. R. Civ. P. 38(b), Plaintiffs demand a trial by jury on all issues so triable.

Dated: August 4, 2011

GORDON & REES LLP

By: *[signature]*
Jeffrey D. Cawdrey
Kimberly D. Howatt
Attorneys for Plaintiffs

**EXHIBIT A**

# EXHIBIT A

# AGREEMENT AND GENERAL RELEASE

This is an Agreement and General Release ("Agreement") by and between the Performance Advantage Group, Inc. ("the Company"), and Peter G. Perez and Linda D. Perez, (collectively, "the Perezes"), together referred to herein as "the Parties."

## RECITALS

A.   A certain dispute exists between the Perezes and the Company concerning and limited to the Perezes' purchase of and participation in the "Master Mentor Program" from the Company on December 5, 2010 in Ontario California (the "Dispute").

B.   The Company denies, generally and specifically, all of the claims, assertions, and allegations made by the Perezes arising from, in the course of, and relative to the Dispute and their purchase of and participation in the "Master Mentor Program."

C.   The Parties have agreed to resolve their differences arising from and related to the Perezes' purchase of and participation in the "Master Mentor Program," including the Dispute, upon the terms stated in this Agreement.

## TERMS OF AGREEMENT

THEREFORE, for consideration of the performance of this Agreement as provided, the foregoing recitals, which are incorporated herein, and the mutual covenants, the Company and the Perezes agree as follows:

1. **No Admission of Liability.** The Parties agree that neither this Agreement nor the performance of the acts required by it constitute an admission of liability, culpability, negligence or wrongdoing on the part of anyone, and will not be construed for any purpose as an admission of liability, culpability, negligence or wrongdoing. The Parties specifically acknowledge and agree that this Agreement is a compromise of disputed claims and that the Company denies any liability to the Perezes.

2. **Settlement Payment.** Upon both Parties' full and complete execution of this Agreement, the Company shall rebate to the Perezes a total amount of $25,000.00 (Twenty Five Thousand Dollars U.S.). Within 1 business day of the Company's receipt of the Perezes' signed version of this Agreement, as set forth in paragraph 4, the Company will wire transfer the full amount of $25,000.00 (Twenty Five Thousand Dollars U.S.) to the Perezes' bank account as follows:

>   First Niagara Bank
>   341 Main Street
>   Catskill, New York  12414
>   518 943 3600
>   Bank Routing Number - 222370440
>   Bank Account Number - 3381326564

3. **General Release.** Upon receiving the payment identified in paragraph 2 of this Agreement and a fully executed copy of same, the Perezes fully and forever release and discharge the Company, including its owners, shareholders, officers, employees, and agents, and specifically, but without limitation, Carilee Ellis, Miranda Hart, Todd Thorpe, Kyle Handy, Alyxce Austin, Paul Montelongo, and Armando Montelongo, Jr., with respect to any and all claims, liabilities and causes of action, of every nature, kind and description, in law, equity or otherwise regarding the Master Mentor Program and these releasees.

4. **Delivery of Signatures.** This Agreement may be signed in counterparts, through facsimile signatures or signatures delivered via electronic mail, which shall be deemed treated as though signed as one document and the signatures deemed effective as originals upon delivery. Within one (1) business day of receipt of two (2) signed originals of this Agreement from the Perezes by the Company, the Company agrees to send to the Perezes one fully executed original of this Agreement via overnight mail to the following address:

> Peter and Linda Perez
> 24 Jurassic Park Road
> Catskill, New York 12414

5. **Nondisparagement.** Upon payment of the monies set forth in paragraph 2 and delivery of signatures as set forth in paragraph 4, the Perezes agree that they, or either of them, will not make any public statements, written or oral, that defame, disparage, or discuss in a negative manner the releasees in paragraph 3 or their products or services, nor will they, or either of them, publically disseminate, issue, transmit, publish, or disclose any documents, correspondence, or writings which do or would, in any way defame, disparage, discuss in a negative manner the releasees in paragraph 3 or their products or services, specifically including, but without limitation, the 17-page "complaint" prepared thereby (which will be destroyed in due course by the Perezes as will any and all telephone recordings of or relating to the Company), in any public forum including, but not limited to; the Internet, radio, or television. The Company agrees that it will not effectuate any notifications or opinions in order to negatively impact the Perezes' credit, businesses, or personal affairs.

6. **Covenant Concerning Filing of Actions, Claims, or Complaints.** The Parties represent that, as of the date of this Agreement, neither of them, respectively, has filed any lawsuits, complaints, petitions, claims or other accusatory pleadings against the other or in any state or federal court or with any legal, governmental, or consumer agency, and the Perezes represent and warrant that they, or either of them, will not do so relative to the Dispute or the "Master Mentor Program" in the future, upon payment of the monies set forth in paragraph 2 and delivery of signatures as set forth in paragraph 4.

7. **Confidentiality.** The Perezes agree to keep the terms, provisions, nature, and contents of this Agreement, as well as the events, circumstances and negotiations giving rise to it, strictly and completely confidential, and shall not divulge the terms, provisions, nature or contents of this Agreement, or the events, circumstances, and negotiations giving rise to it, unless compelled by law to do so. If asked by third parties about the Dispute, this Agreement, or the Master Mentor Program, the Perezes, or either of them, shall say that they have no comment, or that they are unable to discuss it, or other words that are substantively to that effect. The

Company agrees to treat this Agreement and all other information about the Perezes in its possession as confidential. If the Parties, or any of them, is compelled by legal request, subpoena, or court order to divulge this Agreement and/or any documents, communications, or testimony regarding the Dispute, he/she/it shall give written notice to the other Party or Parties no less than ten (10) business days before any such documents, communications, or testimony are due pursuant to the legal request, subpoena, or court order, so as to allow the subject Party or Parties to take the appropriate legal action. If less than ten (10) days is permitted between the date of the legal request, subpoena, or court order and the due date of the response thereto, such notice will be given as soon as reasonably possible so as to effectuate the terms, meaning, and spirit of this provision.

8. **Severance of Business Relationship**. Upon the full and complete execution of the Agreement, the Parties shall sever their business relationship regarding the Master Mentor Program and the Company, completely and permanently, and neither shall have any further obligations to the other beyond that set forth in this Agreement and a fully executed copy of same, whether in the form of payments, services, products, communications, mentoring, or other business dealings, and the Perezes shall cease all further business contact with the Company, including but not limited to Carilee Ellis, Miranda Hart, Todd Thorpe, Kyle Handy, Alyxce Austin, Paul Montelongo, and the mentors, employees, and members of the Company as are known to the Perezes.

9. **Integrated Agreement**. The Parties acknowledge and agree that no promises or representations were made to them which do not appear written herein and that this Agreement contains the entire agreement of the Parties on the subject matter thereof.

10. **California Law**. The Parties agree that this Agreement and its terms shall be construed under California law, and venue for any legal disputes shall be in Southern California.

11. **Drafting**. The Parties agree that this Agreement shall be construed without regard to the drafter of the same and shall be construed as though each Party to this Agreement participated equally in the preparation and drafting of this Agreement.

12. **Enforceability**. All terms and conditions of this Agreement shall be deemed enforceable to the fullest extent permissible under applicable law. If a provision of this Agreement is held invalid under any applicable law, such invalidity will not affect any other provision of this Agreement and such invalid provision will be deemed modified to the extent necessary to make it valid and enforceable or, if such provision cannot be so modified, it will be deemed deleted from this Agreement.

13. **Voluntary Execution/Authority**. The Perezes hereby acknowledge that they have read and understand this Agreement and that they sign this Agreement voluntarily and without coercion, and has had all option and opportunity to consult with counsel of their choosing. The Perezes further represent and warrant that each has full and complete authority to enter into this Agreement on behalf of the Perezes on whose behalf they sign.

WHEREFORE, THE FOREGOING IS SO AGREED.

_____    3-26-11
Peter G Perez                                              DATE

_____    3-26-11
Linda D Perez                                              DATE

_____    _____
Performance Advantage Group Representative      DATE

_____    _____
NAME                                            TITLE

WHEREFORE, THE FOREGOING IS SO AGREED.

_____          _____
Peter G Perez                                                    DATE


_____          _____
Linda D Perez                                                    DATE

*[signature]*                                          29 March, 2011
Performance Advantage Group Representative      DATE

PAUL MONTELONGO          PRESIDENT
NAME                                    TITLE

JS 44 (Rev. 12/07)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
PERFORMANCE ADVANTAGE GROUP, INC.; REAL ESTATE TRAINING INTERNATIONAL, LLC; ARMANDO MONTELONGO COMPANIES, INC., and ARMANDO MONTELONGO, JR.

### DEFENDANTS
PETER G. PEREZ and LINDA D. PEREZ

11 AUG -5 AM 10:59

(b) County of Residence of First Listed Plaintiff _____
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

DEPUTY

(c) Attorney's (Firm Name, Address, and Telephone Number)
Jeffrey D. Cawdrey; Kimberly D. Howatt
GORDON & REES, LLP
101 W. Broadway, Suite 2000
San Diego, CA 92101
Telephone (619) 696-6700 Facsimile (619) 696-7124

Attorneys (If Known)

'11 CV 1747 BEN NLS

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- [ ] 1 U.S. Government Plaintiff
- [x] 3 Federal Question (U.S. Government Not a Party)
- [ ] 2 U.S. Government Defendant
- [ ] 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [ ] 1 | Incorporated or Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated and Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| [ ] 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | [ ] 610 Agriculture | [ ] 422 Appeal 28 USC 158 | [ ] 400 State Reapportionment |
| [ ] 120 Marine | [ ] 310 Airplane | [ ] 362 Personal Injury— Med. Malpractice | [ ] 620 Other Food & Drug | [ ] 423 Withdrawal 28 USC 157 | [ ] 410 Antitrust |
| [ ] 130 Miller Act | [ ] 315 Airplane Product Liability | | [ ] 625 Drug Related Seizure of Property 21 USC 881 | | [ ] 430 Banks and Banking |
| [ ] 140 Negotiable Instrument | | [ ] 365 Personal Injury — Product Liability | [ ] 630 Liquor Laws | **PROPERTY RIGHTS** | [ ] 450 Commerce |
| [ ] 150 Recovery of Overpayment & Enforcement of Judgment | [ ] 320 Assault, Libel & Slander | [ ] 368 Asbestos Personal Injury Product Liability | [ ] 640 R.R. & Truck | [ ] 820 Copyrights | [ ] 460 Deportation |
| [ ] 151 Medicare Act | [ ] 330 Federal Employers' Liability | | [ ] 650 Airline Regs. | [ ] 830 Patent | [ ] 470 Racketeer Influenced and Corrupt Organizations |
| [ ] 152 Recovery of Defaulted Student Loans (Excl. Veterans) | [ ] 340 Marine | **PERSONAL PROPERTY** | [ ] 660 Occupational Safety/Health | [ ] 840 Trademark | [ ] 480 Consumer Credit |
| | [ ] 345 Marine Product Liability | [ ] 370 Other Fraud | [ ] 690 Other | | [ ] 490 Cable/Sat TV |
| [ ] 153 Recovery of Overpayment of Veteran's Benefits | [ ] 350 Motor Vehicle | [ ] 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | [ ] 810 Selective Service |
| [ ] 160 Stockholders' Suits | [ ] 355 Motor Vehicle Product Liability | [ ] 380 Other Personal Property Damage | [ ] 710 Fair Labor Standards Act | [ ] 861 HIA (1395ff) | [ ] 850 Securities/Commodities/ Exchange |
| [x] 190 Other Contract | [ ] 360 Other Personal Injury | [ ] 385 Property Damage Product Liability | [ ] 720 Labor/Mgmt. Relations | [ ] 862 Black Lung (923) | [ ] 875 Customer Challenge 12 USC 3410 |
| [ ] 195 Contract Product Liability | | | [ ] 730 Labor/Mgmt.Reporting & Disclosure Act | [ ] 863 DIWC/DIWW (405(g)) | [ ] 890 Other Statutory Actions |
| [ ] 196 Franchise | | | [ ] 740 Railway Labor Act | [ ] 864 SSID Title XVI | [ ] 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | [ ] 790 Other Labor Litigation | [ ] 865 RSI (405(g)) | [ ] 892 Economic Stabilization Act |
| [ ] 210 Land Condemnation | [ ] 441 Voting | [ ] 510 Motions to Vacate Sentence | [ ] 791 Empl. Ret. Inc. Security Act | | [ ] 893 Environmental Matters |
| [ ] 220 Foreclosure | [ ] 442 Employment | **Habeas Corpus:** | | **FEDERAL TAX SUITS** | [ ] 894 Energy Allocation Act |
| [ ] 230 Rent Lease & Ejectment | [ ] 443 Housing/ Accommodations | [ ] 530 General | | [ ] 870 Taxes (U.S. Plaintiff or Defendant) | [ ] 895 Freedom of Information Act |
| [ ] 240 Torts to Land | [ ] 444 Welfare | [ ] 535 Death Penalty | | | [ ] 900 Appeal of Fee Determination Under Equal Access to Justice |
| [ ] 245 Tort Product Liability | [ ] 445 Amer. w/Disabilities - Employment | [ ] 540 Mandamus & Other | **IMMIGRATION** | [ ] 871 IRS—Third Party 26 USC 7609 | |
| [ ] 290 All Other Real Property | [ ] 446 Amer. w/Disabilities – Other | [ ] 550 Civil Rights | [ ] 462 Naturalization Application | | [ ] 950 Constitutionality of State Statutes |
| | [ ] 440 Other Civil Rights | [ ] 555 Prison Condition | [ ] 463 Habeas Corpus - Alien Detainee | | |
| | | | [ ] 465 Other Immigration Actions | | |

## V. ORIGIN (Place an "X" in One Box Only)

- [x] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from another district (specify)
- [ ] 6 Multidistrict Litigation
- [ ] 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
28 USC § ~~1332~~ 1331
Brief description of cause:
Breach of Contract, etc.

## VII. REQUESTED IN COMPLAINT:
- [ ] CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
- DEMAND $75,000+
- CHECK YES only if demanded in complaint:
- JURY DEMAND: [x] Yes [ ] No

## VIII. RELATED CASE(S) IF ANY
(See instructions):
JUDGE _____
DOCKET NUMBER _____

DATE: August 5, 2011
SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**
RECEIPT # 29046  AMOUNT $350.00  APPLYING IFP (N)  JUDGE _____  MAG. JUDGE _____
08-05-11

American LegalNet, Inc.
www.FormsWorkflow.com

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

## Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

**I.**   **(a) Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

   **(b) County of Residence.** For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

   **(c) Attorneys.** Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.**   **Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.C.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.

United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.

United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.

Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.

Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; federal question actions take precedence over diversity cases.)

**III.**   **Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

**IV.**   **Nature of Suit.** Place an "X" in the appropriate box. If the nature of suit cannot be determined, be sure the cause of action, in Section VI below, is sufficient to enable the deputy clerk or the statistical clerks in the Administrative Office to determine the nature of suit. If the cause fits more than one nature of suit, select the most definitive.

**V.**   **Origin.** Place an "X" in one of the seven boxes.

Original Proceedings. (1) Cases which originate in the United States district courts.

Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.

Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.

Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.

Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.

Multidistrict Litigation. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407. When this box is checked, do not check (5) above.

Appeal to District Judge from Magistrate Judgment. (7) Check this box for an appeal from a magistrate judge's decision.

**VI.**   **Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.**          Example:          U.S. Civil Statute: <u>47 USC 553</u>
                                                                    Brief Description: <u>Unauthorized reception of cable service</u>

**VII.**   **Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.

Demand. In this space enter the dollar amount (in thousands of dollars) being demanded or indicate other demand such as a preliminary injunction.

Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.**   **Related Cases.** This section of the JS 44 is used to reference related pending cases if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.
**Date and Attorney Signature.** Date and sign the civil cover sheet.

```
Court Name: USDC California Southern
Division: 3
Receipt Number: CAS029048
Cashier ID: nsiefken
Transaction Date: 08/05/2011
Payer Name: AMERICAN MESSENGER SERVICE
--------------------------------------
CIVIL FILING FEE
 For: PERFORMANCE ADV V PETER G ET A
 Case/Party: D-CAS-3-11-CV-001747-001
 Amount:         $350.00
--------------------------------------
CHECK
 Check/Money Order Num: 1124
 Amt Tendered: $350.00
--------------------------------------
Total Due:      $350.00
Total Tendered: $350.00
Change Amt:     $0.00


There will be a fee of $45.00
charged for any returned check.
```