# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| PERFORMANCE ADVANTAGE GROUP, INC., *et al.*, | CASE NO. 11cv1747 BEN (NLS) |
|---|---|
| Plaintiffs, | **ORDER DENYING EX PARTE APPLICATION FOR A TEMPORARY RESTRAINING ORDER** |
| vs. | |
| PETER G. PEREZ, *et al.*, | |
| Defendants. | |

## INTRODUCTION

On August 5, 2011, Plaintiffs Performance Advantage Group, Inc., Real Estate Training International, LLC, Armondo Montelongo Companies, Inc., and Armando Montelongo, Jr., filed an ex parte application for a temporary restraining order ("TRO"). Plaintiffs seek to enjoin Defendants Peter and Linda Perez from making disparaging remarks about the Plaintiffs that would allegedly violate the terms of an agreement between the parties. Plaintiffs seek a TRO without notice to Defendants. Because Plaintiffs have not clearly shown that immediate and irreparable injury will result before Defendants can be heard, the application for a TRO is **DENIED**.

## DISCUSSION

The "circumstances justifying the issuance of an ex parte order are extremely limited" because "our entire jurisprudence runs counter to the notion of court action taken before reasonable notice and an opportunity to be heard has been granted both sides of a dispute." *Reno Air Racing Ass'n v. McCord*, 452 F.3d 1126, 1131 (9th Cir. 2006) (quoting *Granny Goose Foods, Inc. v. Teamsters*, 415

U.S. 423 (1974) (finding a TRO was improperly issued because notice to the adverse party was neither impossible nor would it render the action fruitless)).  Federal Rule of Civil Procedure 65 outlines the "stringent restrictions imposed" for TROs issued without notice.  *Id.*

> The court may issue a temporary restraining order without written or oral notice to the adverse party or its attorney only if:
>
> (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition

FED. R. CIV. P. 65(b)(1)(A).

The application for this extraordinary relief does not quite clear this high threshold.  Plaintiffs speculate that they will suffer "incalculable" costs repairing the damage that might occur if Defendants make disparaging remarks about their products and services.  But, this assertion falls short is two critical respects.  First, there is not enough evidence that Defendants will act in violation of the agreement if given notice of this action and the request for preliminary relief.  Second, such a general assertion fails to clearly show that the injury is irreparable because any injury Plaintiffs might suffer might well be compensated with an appropriate award of damages should the threatened remarks be wrongfully made.

## CONCLUSION

Because the stringent requirements for a TRO issued without notice have not been fully satisfied, the application for a TRO is **DENIED.**

**IT IS SO ORDERED.**

DATED: August 8, 2011

　　　　　　　　　　　　　　　　　　　　
Hon. Roger T. Benitez
United States District Judge