# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PERFORMANCE ADVANTAGE GROUP, INC., *et al.*,<br><br>    Plaintiffs,<br><br>  vs.<br><br>PETER G. PEREZ, *et al.*,<br><br>    Defendants. | CASE NO. 11cv1747 BEN (NLS)<br><br>**ORDER DENYING PLAINTIFFS' EX PARTE APPLICATION TO FILE COMPLAINT AND OTHER DOCUMENTS UNDER SEAL** |

Plaintiffs Performance Advantage Group, Inc., Real Estate Training International, LLC, Armondo Montelongo Companies, Inc., and Armando Montelongo, Jr., filed an ex parte application to file their Complaint, Application for Temporary Restraining Order, all papers in support of the TRO application, and the Court's order denying the TRO application under seal.

There is "a strong presumption in favor of access to the court records" and the party seeking to seal records bears the burden of overcoming it. *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003); *Kamakana v. City and Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006). In determining if the moving party has overcome this strong presumption, the Court must consider the public's interest in the judicial process and whether the disclosure "could result in improper use of the material for scandalous or libelous purposes or infringement upon trade secrets." *Pintos v. Pacific Creditors Ass'n*, 605 F.3d 665, 679 n.6 (9th Cir. 2010). "The mere fact that the production of records may lead to a litigant's embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to seal its records. *Kamakana*, 447 F.3d at 1179.

1  Plaintiffs have not met their burden. While almost any threat to disparage another might
2  suggest some potential for improper use of material for scandalous or libelous purposes, Plaintiffs
3  speculation that Defendants are going to misuse Plaintiffs' filing against them does not provide the
4  necessary "factual basis for [this Court to seal], without relying on hypothesis or conjecture." *Pintos*,
5  605 F.3d at 679. Accordingly, Plaintiffs' motion to seal is **DENIED**.

**IT IS SO ORDERED.**

DATED: August 10, 2011

_____
Hon. Roger T. Benitez
United States District Judge